IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD S.**[1], <br><br>          Plaintiff, <br><br>     v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br>          Defendant. | Case No. 3:18-cv-2029-SI <br><br> **OPINION AND ORDER** |

Bruce W. Brewer, P.O. Box 421, West Linn, OR 97068. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Jeffrey E. Staples, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Richard S. brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Act. For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff applied for disability insurance benefits ("DIB") on April 27, 2015. AR 15. In his application, he alleged disability beginning April 19, 2015. *Id*. Plaintiff's claim was denied initially on January 5, 2016 and upon reconsideration on June 16, 2016. *Id*. Plaintiff appealed and testified at a hearing held before an Administrative Law Judge ("ALJ"). Plaintiff had regained the ability to work and thus asked the ALJ to consider a closed period of disability ending October 31, 2016. AR 329. On December 1, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. *Id*. Plaintiff timely appealed the ALJ's decision to the Appeals Council, which denied the request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). AR 1. Plaintiff was born on February 12, 1971, making him 44 years old at the time of the alleged disability onset. AR 138.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

> 1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay

PAGE 3 – OPINION AND ORDER

<blockquote>

or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

</blockquote>

See also *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also* *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one of the sequential analysis, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act and had not engaged in substantial gainful activity since the date of alleged disability onset. AR 17. At step two, the ALJ found that Plaintiff has the following severe impairments: visual impairment, traumatic brain injury, head fracture, and spine disorder. AR 18-19. At step three, the ALJ determined that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19-20.

At step four, the ALJ determined Plaintiff's RFC and found that Plaintiff could perform light work,

> except the claimant can never climb ladders, ropes, or scaffolds; the claimant is limited to frequent balancing, and all other postural activity is limited to occasional; the claimant is limited to frequent near acuity, far acuity, and depth perception; the claimant is limited to occasional field of vision; and the claimant is limited to

>no exposure to hazards, such as moving mechanical parts and unprotected heights.

AR 20. Based on these limitations, the ALJ found that Plaintiff was able to perform his past relevant work as a dispatcher. AR 26. The ALJ nonetheless proceeded to step five and alternatively found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, specifically the jobs of sales attendant, electronics worker, and storage facility rental clerk. AR 27. The ALJ thus concluded that Plaintiff was not disabled. *Id*.

## DISCUSSION

Plaintiff alleges that he was disabled after an accident at work in April 2015. AR 21. A large cement block hit Plaintiff in the forehead, causing him to suffer comminuted and depressed anterior and posterior table frontal sinus fractures, bilateral orbital fractures, and bilateral LeFort fractures. *Id.* Plaintiff was admitted to the hospital after visiting the emergency room, where he was intubated by anesthesia and taken to the operating room for cranial decompression. *Id.* Because of these injuries, Plaintiff alleged that he could not work during the period between April 19, 2015 and October 31, 2016. AR 20.

**A. Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by rejecting Plaintiff's subjective symptom testimony without a clear and convincing reason for doing so. Specifically, Plaintiff faults the ALJ for rejecting Plaintiff's symptom testimony in general terms rather than by articulating specific parts of Plaintiff's testimony that she found not credible and identifying the evidence that undermined that testimony.

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25, 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id*. at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

PAGE 8 – OPINION AND ORDER

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 21. The ALJ also found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence in the record. *Id*. Specifically, the ALJ pointed to medical records that showed Plaintiff's condition improved over time and that his "activities of daily living were fairly strong." AR 20-21. Plaintiff reported that he was able independently to care for his personal hygiene, perform household chores and prepare meals, go grocery shopping, and lift weights. AR 20. The ALJ emphasized that Plaintiff returned to part-time work during the claimed period of disability, painting tennis backboards and sawing and sanding lumber. AR 21. Plaintiff also testified that he began working full-time as a forklift operator in 2017, after the period in which Plaintiff claimed he was disabled. *Id*.

### 1. Objective Medical Evidence

An ALJ may consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ may not, however, reject subjective pain testimony solely because it was not fully corroborated by objective medical evidence. *Robbins*, 466 F.3d at 883; *see also* 20 C.F.R. § 404.1529(c)(2) (noting that the Commissioner will not "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements").

The ALJ stated that medical records showing improvement in Plaintiff's symptoms over time undermined Plaintiff's testimony that he was disabled. The ALJ went on to identify specific portions of the record supporting her conclusion that Plaintiff's condition improved. But Plaintiff did not contend that his symptoms never improved. In fact, Plaintiff had returned to full-time

work eight months before the hearing and claimed disability only for a closed period.[3] The Court does not understand how mere *improvement* in Plaintiff's condition, by itself, is relevant to whether the condition was disabling during a discrete period. The ALJ did not explain when or why any of the medical evidence showed that Plaintiff's condition had improved *enough* that he was no longer disabled. In this regard, the ALJ did not identify clear and convincing evidence for discounting Plaintiff's subjective symptom testimony, particularly because Plaintiff did not dispute that his condition had improved.

### 2. Activities of Daily Living

The ALJ also found that Plaintiff's daily activities were even more important evidence that Plaintiff's subjective symptom testimony exaggerated the disabling effect of his injuries. The ALJ noted that Plaintiff "was able to care for his personal hygiene independently, prepare meals, and perform some household chores." AR 24. The ALJ also pointed to portions of the medical record that noted that Plaintiff could move on and off the table without assistance, displayed fluid movements, and reported that he engaged in some weightlifting. AR 23. Finally, the ALJ noted the part-time work that Plaintiff performed for a friend. That work consisted of sawing and sanding lumber for tennis backboards and painting them. Plaintiff's work averaged between 10 and 12 hours per week but did not exceed 20 hours per week. AR 80.

Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict his or her testimony or meet the threshold for transferable work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn v. Astrue*, 495

---

[3] The Court notes that Plaintiff began his current full-time position in January 2017 yet only claimed to be disabled through October 31, 2016 because, as his representative stated at the hearing, he felt "he was at least able to attempt some sort of full-time employment from that point forward." AR 76.

F.3d 625, 639 (9th Cir. 2007). For daily activities to discount subjective symptom testimony, the activities do not need to be equivalent to full-time work; it is enough that the plaintiff's activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount subjective symptom testimony. *See id.* at 1112-13 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("One does not need to be 'utterly incapacitated' in order to be disabled."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity be inconsistent with the plaintiff's claimed limitations to be relevant to his or her credibility and noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). Moreover, particularly with certain conditions, cycles of improvement may be a common occurrence, and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding that a plaintiff is capable of working. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

It is relevant that Plaintiff was able to maintain his personal hygiene, prepare meals, perform some household chores, and engage in an unknown amount of weightlifting. Claimants, however, need not be "utterly incapacitated" to be disabled. *Vertigan*, 260 F.3d at 1050.

Plaintiff's ability to perform the relatively strenuous work of sawing, sanding, and painting is more relevant. The ALJ, however, does not explain how this work (or, for that matter, Plaintiff's other activities of daily living) either contradicts Plaintiff's testimony or meets the threshold for transferable work skills.

Plaintiff did not testify that he was unable to walk or lift weight and discussed his part-time work for his friend in some detail at the hearing. Plaintiff's primary contention is that he was disabled because the injury limited his vision and breathing and because his muscles atrophied for some period after spending a month hospitalized and more time bedridden at home. AR 85-86. The ALJ did not inquire at the hearing about the weightlifting noted in Plaintiff's medical record. The notation the ALJ referenced stated only that Plaintiff was "active in weight-lifting, working toward rehabilitation from a facial/skull injury." AR 1379. That Plaintiff engaged in physical therapy to rebuild his muscular strength can hardly be held against him. It is not a clear and convincing reason to discount Plaintiff's claim to have been disabled by an injury that hospitalized him for a month, particularly because the ALJ did not find the weightlifting important enough to ask about it at the hearing.

The part-time work that Plaintiff performed for his friend also does not contradict his symptom testimony. Further, the ALJ did not point to any specific conflicting testimony. Plaintiff detailed the significant accommodations his friend made that allowed Plaintiff to perform the work, which included three to four breaks an hour. AR 92-93. The friend allowed Plaintiff to work at his own pace and on a flexible schedule. AR 81. The friend's wife was a licensed physical therapist who ensured that Plaintiff performed the work in a manner designed to prevent further injury. *Id*. The ALJ also made no finding that any of these activities were transferable to a workplace environment. For all these reasons, the ALJ's reliance on Plaintiff's

daily activities were not specific, clear, and convincing reasons to discount Plaintiff's subjective symptom testimony.

**B.  Remedy**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings.

Plaintiff does not ask the Court to remand for an immediate payment of benefits. Rather, he asks that the Court remand his case to the agency for a proper consideration of his credibility. Given this fact, the Court finds it unnecessary to engage in a "credit-as-true" analysis here and grants Plaintiff's requested remedy.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 15th day of May, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge